UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. BOULB,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 24-cv-2684-JPG
Crim No. 12-cr-40097-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Brian K. Boulb's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). It is unclear from Boulb's § 2255 motion whether he seeks to challenge his 2013 conviction in No. 12-cr-40097-JPG or the 2024 revocation of his supervised release in that case.

**I.   Challenge to 2013 Conviction in No. 12-cr-40097-JPG**

To the extent Boulb seeks to challenge his 2013 conviction in No. 12-cr-40097-JPG,[1] this is not his first § 2255 motion.

In his first § 2255 motion, *Boulb v. United States*, No. 14-cv-737-JPG (S.D. Ill.), Boulb advanced the argument that his prior convictions did not support career offender status. The Court denied that motion as untimely, and the Court of Appeals affirmed that decision. *See Boulb v. United States*, 818 F.3d 334 (7th Cir. 2016).

In his second motion labeled as such, *Boulb v. United States*, No. 23-cv-198-JPG (S.D.

---

[1] In his pending motion, Boulb refers to double jeopardy involving a state conviction that resulted in a 4-year sentence of imprisonment. His First Revised Presentence Investigation Report reflects a 4-year sentence for a methamphetamine conviction in 2008. 1st Rev. PSR ¶ 44. This leads the Court to entertain the possibility that he may be challenging his 2013 conviction again, although the conspiracy charged in the indictment was not alleged to have begun until late 2009.

Ill), Boulb argued that his counsel failed to adequately investigate his case or his mental state. The Court dismissed that motion as an unauthorized second or successive petition. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Additionally, the Court of Appeals has denied Boulb leave to file a second or successive petition under § 2255 at least four times: *Boulb v. United States*, No. 17-2588 (7th Cir. Aug. 10, 2017); No. 17-3384 (7th Cir. Dec. 7, 2017); No. 22-1307 (7th Cir. Mar. 10, 2022); No. 22-2263 (7th Cir. July 22, 2022). And this Court has dismissed at least four additional § 2255 motions—one disguised as a motion under the First Step Act (No. 12-cr-40097-JPG; Docs. 56 & 58), one as a motion under Federal Rule of Civil Procedure 60(b) (No. 12-cr-40097-JPG; Docs. 62 & 63), one as a motion to reduce sentence (No. 12-cr-40097-JPG; Docs. 64 & 65), and another as a motion to withdraw his guilty plea (No. 12-cr-40097-JPG; Docs. 66 & 67)—because Boulb did not have permission from the Court of Appeals to file them.

Boulb's pending motion is a successive petition if it attacks his 2013 conviction. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry*, 507 F.3d at 604; *Nunez*, 96 F.3d at 991. The Court of Appeals has not made such a certification and has, in fact, refused Boulb's requests for such a certification numerous times. Therefore, the Court does not have jurisdiction to consider Boulb's motion (Doc. 1) to the extent it challenges his 2013 conviction in No. 12-cr-40097-JPG, and **DISMISSES** it for lack of jurisdiction in that regard.

## II.    Challenge to Supervised Release Revocation in No. 12-cr-40097-JPG

It is possible that Boulb is not challenging his 2013 conviction but the 2024 revocation of supervised release. In June 2024, the Court revoked Boulb's supervised release in No. 12-cr-

40097-JPG and sentenced him to serve an additional term of 24 months in prison.  The revocation was based in part on the allegation that Boulb violated his conditions of supervised release by committing another federal, state, or local crime, namely, possessing methamphetamine.

The notion of a second crime that is also the basis for a supervised release revocation leads the Court to entertain the possibility that this is the source of Boulb's double jeopardy argument, although there is no suggestion Boulb was independently prosecuted for that crime. To the extent Boulb wishes to challenge the 2024 revocation of his supervised release, his § 2255 motion would not be considered successive because he has not yet challenged the revocation judgment.

Nevertheless, there are not enough details in the motion for the Government to adequately respond to it.  Therefore, the Court will dismiss this portion of his § 2255 motion as unintelligible and will give Boulb an opportunity to amend his motion to articulate the basis of his challenge to his 2024 revocation sentence, if he is in fact challenging that sentence.  Should he fail to amend his motion such that the Court can discern the basis for the challenge, the Court will assume he does not intend to challenge that conviction and will enter final judgment of dismissal in this case.

### III. Conclusion

The Court **DISMISSES** Boulb's § 2255 motion (Doc. 1)—for lack of jurisdiction to the extent it challenges his 2013 conviction in No. 12-cr-40097-JPG, and as unintelligible to the extent it challenges his 2024 revocation—and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

The Court **ORDERS** that Boulb shall have up to and including January 31, 2025, to file

an amended § 2255 motion articulating the basis of his challenge to his 2024 revocation sentence, if he is in fact challenging that sentence. The Court **DIRECTS** the Clerk of Court to send Boulb a blank § 2255 motion form.

The Court **DENIES without prejudice** Boulb's request for appointment of counsel within his § 2255 motion as he appears capable at this stage of the proceeding of representing himself.

**IT IS SO ORDERED.**
**Dated:  December 27, 2024**

                                                                               s/ J. Phil Gilbert
                                                                               **J. PHIL GILBERT**
                                                                               **DISTRICT JUDGE**